IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESSA BRISCOE,<br>   *Plaintiff,*<br><br>v.<br><br>TEXAS CHILDREN'S HOSPITAL,<br>   *Defendant.* | § § § § § § § § § § § | C.A. NO. 4:23-cv-3858<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Vanessa Briscoe and files this Original Complaint against Texas Children's Hospital ("Defendant" or "TCH"). In support thereof, Plaintiff provides the following:

### I. NATURE OF THE CASE

1. This is a discrimination case brought by Vanessa Briscoe, a former employee of Texas Children's Hospital. Specifically, Plaintiff brings claims of discrimination due to her religion (Christian), race (African-American), and/or age (61) under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII").

### II. PARTIES

2. Plaintiff Vanessa Briscoe is an individual, who is a current resident of the State of Texas. Briscoe resides within the jurisdiction of the Court.

3. Defendant Texas Children's Hospital is a domestic for-profit company that may be served through its registered agent, Lance A. Lightfoot, located at 15551 Main Street, Suite E520, Houston, Texas 77030.

### III. JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331.

5. Within 300 days of the last discriminatory act complained of, Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. As such, Plaintiff has exhausted any applicable administrative remedies and on or about September 15, 2023, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of her receipt of the Dismissal and Notice of Right to Sue letter.

7. Thus, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

8. Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because TCH has offices, conducts business, and can be found in this district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Southern District of Texas.

## IV.   STATEMENT OF FACTS

9. Plaintiff, a sixty-one (61) year old African American woman, worked for TCH began working for TCH's Pediatric Medical Group at the Houston location, located at 4101 Greenbriar Suite 100, Houston, TX 77098, as a limited radiologic technologist from approximately April 2008 to January 2009. Plaintiff then worked at TCH's Medical Center, located at 6621 Fannin St, Houston, TX 77030 as a Radiologic Technologist until approximately July 2018. Finally, Plaintiff worked at TCH Specialty Care, located at 6330 West Loop South, Suite 300, Bellaire, TX 77401 as a Radiologist Specialist approximately from July 2018 to December 2022.

10. On or about September 9, 2022, Defendant declared that for the first time, the flu vaccine would be a condition of all their employees' employment, and stated that the employees who wanted to avoid the mandate would have to receive an approved request for religious exemptions.

11. Seeing as though she had applied and been approved for a similar religious exemption for the COVID-19 vaccine mandate, Plaintiff completed the form that TCH provided and returned it.

12. Subsequently, Plaintiff received an email to her personal email that stated that her request for religious exemption was denied and that the decision was final with no way to appeal it. After the request was denied, Plaintiff expressed concern about the email to her manager and the manager informed her that he had no knowledge about the exemption request or the denial of the request.

13. After her request was denied, Plaintiff was subjected to disparate treatment that she could only relate to her request for religious exemption for the flu vaccine since no other

condition of her employment had changed. Specifically, since had TCH relaxed their COVID-19 guidelines after the initial scare in approximately March 2020, TCH had stated that employees who were vaccinated were no longer required to wear masks.

14. However, after her request for exemption and leading up to Plaintiff's termination from TCH, Plaintiff experienced a variety of treatment that was less favorable to her than to her peers. Specifically, she was ordered to wear a mask (despite her TCH-approved religious exemption for the vaccine) even though other unvaccinated employees (for various other exemptions or reasons) were not required to do the same.

15. Even during company parties, where no TCH patients were present, Plaintiff was required to wear a mask, marking her as if she were pariah amongst her peers. Having worked with these coworkers at this TCH location for approximately two and a half years, she knew she had younger, Caucasian, and religious coworkers that had received a religious exemption for the flu vaccine. However, they were not required to wear masks at company parties like Plaintiff was. As such, she felt discriminated against due to her race, religion, and/or age and singled out in comparison to her coworkers.

16. Plaintiff contacted the Employee Relation division of TCH to figure out how she could possibly keep her position without forsaking her religious beliefs because she did not want to be terminated. Kirsten Snyder emailed Plaintiff and confirmed that if she did not get the flu vaccine by November 17, 2022, despite Plaintiff's religious exemption request on file – as well as her previously granted religious exemption request – she would be removed from the schedule and placed on two weeks of unpaid leave.

17. Plaintiff's manager also emailed her to remind her of the approaching deadline and notified her that if she still did not get the flu vaccine after those two weeks, her

employment with TCH would be terminated on December 2, 2022. Moreover, the email from her supervisor stated that she would receive progressive counseling in accordance with TCH's policy.

18. However, after December 2, 2022, Plaintiff did not receive any further communication from TCH, and she did not receive the counseling that her manager told her was required by TCH's policy.

19. Therefore, on December 6, 2022, Plaintiff called TCH's corporate office and left a voice message asking that someone call her back so that she could figure out her future with TCH, but no one did.

20. The next day, Plaintiff also wrote two emails trying to find answers, one to Employee Relations and one directly to Kristen Snyder, but neither individual responded.

21. On December 8, 2022, Plaintiff received an email from the third-party institution that holds her retirement account with TCH, and the email referred to TCH as her former employer. Since TCH never notified her, that is when Plaintiff found out that her employment with TCH was officially terminated. Plaintiff was stunned at the callous disregard her employer of fourteen (14) years treated her due to her race, religion, and/or age.

22. Moreover, after her termination, Plaintiff learned that another employee, a Caucasian female in her late-40s or early 50s, asked for a religious exemption for that flu vaccine mandate and that employee's request was approved.

## V.   CAUSES OF ACTION

A.   COUNTS NO. 1, 2, AND 3: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT (RELIGION – ADVERSE EMPLOYMENT ACTION)

23. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

24. As a practicing Christian, a traditional, organized religion, an African-American, and an individual over the age of 40, Plaintiff is a member of at least three protected classes under Title VII of the Civil Rights Act.

25. Plaintiff was, at all times and during each position she held at TCH, qualified for her position.

26. Plaintiff performed well and had no negative performance evaluations.

27. Plaintiff notified TCH of her sincerely held Christian beliefs not once, but twice via her two requests for religious exemption for two vaccines.

28. TCH ultimately terminated her because she refused to comply with a TCH policy that directly conflicted with her religious belief and/or due to her race and/or age or a combination thereof.

29. At least one of Plaintiff's coworkers, a Caucasian female in her late-40s to early 50s with either a sincerely held belief or a member of a traditional, organized religion, asked for a religious exemption for the flu

B.  COUNT NO. 4: DISCRIMINATION UNDER TEXAS LAW

30. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

31. Plaintiff is a member of one or more protected classes under Chapter 21, Sec. 21.051 of the Texas Labor Code ("TCHRA"). Plaintiff was discriminated against and ultimately terminated due to her religion, age, and/or race.

32. Moreover, the actions of a supervisor and individuals at Defendant's corporate

office subsequent to Plaintiff's complaint of discriminatory conduct at TCH's Bellaire location constitutes aiding and abetting discriminatory practices, policies, and actions of Plaintiff's supervisor. Therefore, Defendant's conduct is also in violation of multiple sections of Chapter 21 of the Texas Labor Code. See TEX. LAB. CODE §§ 21.051(1), 21.055(1),(3), 21.056.

33.    Lastly, Plaintiff was ultimately terminated due to her religion, race, and/or age.

C. DAMAGES

34.    Based on the aforementioned basis and the suffering Plaintiff experienced at the hands of TCH, Plaintiff has suffered actual damages. Specifically, since terminated, Plaintiff has been searching for new employment but has been unable to find employment and continues to accrue damages as of the date of this Complaint. Defendant's actions demonstrate that during Plaintiff's employment, the company had a perverse culture of involving discrimination with malice or with reckless indifference to Plaintiff's protected rights and are in violation of Title VII of the Civil Rights Act and Texas law.

35.    In addition, Plaintiff avers that Defendant's unlawful discrimination justifies an award of compensatory and punitive damages.

36.    Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination.

37.    Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant. Plaintiff is now suffering and will continue to suffer past and future

pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's discriminatory practices and they will continue unless and until this Court grants relief.

## VI.     JURY REQUEST

38.    Plaintiff requests a trial by jury.

## VII.    PRAYER

39.    For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

- a) For actual damages;
- b) For economic damages
- c) Back pay to compensate Plaintiff for loss of income and/or employment related benefits resulting from the discriminatory actions of Defendant;
- d) Compensatory damages for severe mental anguish in the past and future, injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory actions of Defendant;
- e) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;
- f) An award of reasonable attorneys' fees and the cost and expenses related to the litigation of this claim;

g) Pre-judgment interest at the highest rate allowed by law;

h) Post-judgment interest at the highest rate allowed by law; and

i) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper

Respectfully Submitted,

**SPACE CITY LAW FIRM**

*BDavidson*

Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF